IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BRETON LEE MORGAN, M.D.,

        Plaintiff,

v.                                               CIVIL ACTION NO. 3:11-0300

KATHLEEN SEBELIUS,
Secretary of Department of Health
and Human Services,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Plaintiff's Brief in Support of the Complaint (ECF No. 14) and Defendant's Motion for Summary Judgment (ECF No.15).[1] For the reasons set forth herein, Defendant's Motion is **GRANTED**; Plaintiff's Motion is **DENIED.**

### Background

Plaintiff, Breton Lee Morgan, is a physician who provides services to Medicare beneficiaries. In 2006, Medicare received complaints that Dr. Morgan was improperly billing Medicare. Administrative Record, ECF No. 7, at 1115.[2] Consequently, Medicare requested medical records of Dr. Morgan's patients and audited Dr. Morgan's Medicare billings. AdvanceMed, the contractor engaged by Medicare to conduct the audit, found that he had overbilled or failed to properly document services billed to Medicare. A.R. at 1154–55. In the letter describing the results of the audit, AdvanceMed informed Dr. Morgan that it "may proceed with a Statistical Sample for

---

[1]The Court treats both as motions for summary judgment.

[2]Citations to the administrative record will be referenced as "A.R."

Overpayment Estimation." A.R. at 1156. AdvanceMed then began the process of obtaining a statistically valid sample of the services for which Dr. Morgan had billed in order to estimate any overpayment. Dr. Morgan does not dispute the statistical validity of that sample, which included 266 claims processed between March 1, 2004 and June 26, 2006. A.R. at 1026. AdvanceMed then attempted to contact Dr. Morgan to request medical records to support the claims in the sample. Dr. Morgan was unable to submit any patient records because he was serving a prison sentence at that time after pleading guilty to obtaining a controlled substance by fraud in violation of 21 U.S.C. § 843(a)(3). In the absence of any documentation, AdvanceMed concluded that none of the claims in the sample were documented and determined that Dr. Morgan had received a total overpayment of $614, 222.95. A.R. at 1026–27. Then, after release from prison, Dr. Morgan appealed this determination and submitted medical records to support his claims. Based on the new records, Dr. Morgan's overpayment was revised down to $315,914.40. A.R. at 612–15. Dr. Morgan appealed this revised overpayment to $Q^2$ Administrators ("$Q^2$"), the next level of administrative review. At this level, Dr. Morgan submitted additional medical records. His claim was reviewed by a panel of medical professionals consisting of two doctors and a nurse, which largely upheld the original determination but allowed payment on an additional 18 claims. A.R. at 557–61. Dr. Morgan then appealed to an Administrative Law Judge ("ALJ"), where he submitted more additional records, testified at two hearings, and filed post-hearing briefings. The ALJ made extensive and detailed factual findings with regard to each claim, ultimately reducing the overpayment to $61,922. Dr. Morgan appealed the ALS's determination to the Medicare Appeals Council ("MAC"), which rejected his claim that AdvanceMed improperly found a high level of payment error, affirmed the

decision of the ALJ, and held that a determination of a high level of payment error "is not subject to administrative or judicial challenge." A.R. at 7.

**Discussion**

Dr. Breton identifies the sole issue before the Court as "whether the Secretary committed error by calculating an alleged overpayment prior to determining a sustained or high level of payment error pursuant to Section 1893(f)(3) of the Social Security Act." Pl.'s Br. 1, ECF No. 14. The central thrust of this argument is that his repayment amount has been so drastically reduced during the course of Dr. Morgan's appeals, from $614, 222.95 to $61,922, that the reduced amount cannot justify a finding of a sustained or high level of payment error. While this is intuitively appealing, Plaintiff's argument ultimately fails.

Section 1893 of the Social Security Act, codified at 42 U.S.C. § 1395ddd, requires a determination of a sustained or high level of payment error in order to use extrapolation to determine overpayment. The immediately following sub-paragraph provides that "there shall be no administrative or judicial review . . . of determinations by the Secretary of sustained or high levels of payment errors under this paragraph." 42 U.S.C. § 1395ddd(f)(3). This language was relied on by the ALJ in rejecting Plaintiff's challenge to the use of extrapolation and by the MAC in affirming the ALJ. It was raised in the Government's cross-motion, and Plaintiff has not filed a responsive memorandum or reply in support of his own motion. This statutory language clearly and unequivocally prohibits judicial or administrative review of a determination of a high level of payment error. Even if this issue were subject to review, Plaintiff cannot show that a determination of a sustained or high level of payment error is in error. The most recent ALJ decision, which resulted in the revised overpayment of $61,922, found that Dr. Morgan received overpayment on

71 of 266, or 36.7% of claims in the sample that was reviewed. Finally, the record clearly reflects that the reductions on which Plaintiff relies are the result of Plaintiff's piecemeal production of medical records rather than any error in calculation on the part of Medicare or its contractors.

## Conclusion

In light of the foregoing, Plaintiff's Motion (ECF No. 14) is **DENIED**; the United States' Motion for Summary Judgment (ECF No. 15) is **GRANTED**, and the decision of the MAC is **AFFIRMED**. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: April 9, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE